Omni Innovations LLC et al v. Stamps.com Inc et al
Case 2:07-cv-00386-JCC   Document 13   Filed 08/13/2007   Page 1 of 8
Doc. 13

Douglas E. McKinley, Jr.
PO Box 202
Richland, WA 99352
(509) 628-0809

i.Justice Law, P.C.
Robert J. Siegel
PO Box 25817
Seattle, WA 98165-1317
888-839-3299

HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **OMNI INNOVATIONS, LLC, a Washington Limited Liability company; and JAMES S. GORDON, JR., a married individual,**<br><br>Plaintiffs,<br>v.<br><br>**STAMPS.COM, INC. a Delaware and California corporation; and JOHN DOES, I-X,**<br><br>Defendants, | NO. C07-386-JCC<br><br>**DECLARATION OF JAMES S. GORDON, JR.** IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) |

1. I, James S. Gordon, Jr., am the Plaintiff in the above captioned lawsuit. I am over the age of 18, of sound mind, and am otherwise competent to testify.

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 1

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

2. I am owner of the domain name "gordonworks.com", which I registered on or about May 1998.

3. I am the owner of Omni Innovations, LLC, a Washington limited liability company.

4. I have been plagued by spam for well over eight years. Over time, my spam problem has grown more severe, and has now spiraled out of control, consuming more and more of my time and resources. From late 1998 to late 2003, I fought spam by deleting, complaining, reporting, and filtering it. And those activities continue to the present day. My first lawsuit against a spammer was filed a full five years (five uncompensated years wherein I received millions of spam) after the inception of this persistent spam problem, i.e. December 2003. And to this point all my efforts to curtail the onslaught of spam have failed. I have been substantially adversely impacted by the continued onslaught of spam primarily due to the time commitment and costs of hardware and software needed to manage this problem. That adverse effect is exacerbated by the fact that spammers do not stop/have not stopped sending me spam during litigation and now subsequent to litigation.

5. Defendant, Stamps.com, has used rotating, co-op ads to "deflect" the complaints and to develop the defense that "we did not send the email". Many of the spam that they sent or caused to be sent on their behalf were incorporated into online newsletters with many other advertisers.

6. Because spammers appear to be coalescing in their defense efforts, it appears necessary to clarify several matters that appear to have been misunderstood by the Court, and which

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 2

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

are being used by spammers in their dubious defenses.

7. First, contrary to the way my deposition testimony in the Virtumundo case has been mischaracterized, I have yet to do any dissertation research. The topic that I have chosen for this future dissertation does not require me to collect a single email. Thus there is no benefit in receiving spam for a dissertation project. Any statement to the contrary reflects hypothetical conjecture as to possible benefits to the receipt of spam – not actual or anticipated benefits.

8. Second, I do not have a "spam business". I do, however, have a spam problem which interferes with my legitimate business and academic interests and activities. My business training and experience dictate that I treat the de-listing from spam as a business activity to more effectively deal with the spam problem.

9. Third, I have yet to see a single document which substantiates that I have opted in to or requested to receive a single defendant's spam. On the other hand, defendants have fabricated the existence of some unknown, and unnamed entity(ies) which has (have) somehow conferred to it the right to send me commercial email. This assertion has no basis in fact.  And until such shadowy, anonymous "marketing partners" or "affiliates" step forward, the assertion should be treated as unsubstantiated hearsay, or perhaps more accurately as nonsense. No defendant has (nor can it produce) my permission to send email to me, thus the notion that I somehow solicit spam has no basis, in fact. Without this cornerstone, the thesis of setting up a litigation factory is meritless as there is no fuel to sustain it – no permission, no opt-ins, countless thousands of requests to stop,

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 3

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

complaints, de-listing requests, etc.

10. I have filed over 14,000 regulatory complaints against spammers. Add to that, I have caused to be sent close to a million automated cease and desist emails directly to the sender of each email sent to me. Further, I have diligently used the SpamCrimeReporter application to automatically de-list myself from tens of thousands of spam received during 2004-2006. Lastly, I have sent dozens of certified letters to spammers to get them to stop – all to no avail.

11. There is an over-abundance of detailed documentation of my efforts to halt the onslaught of spam. Yet, there is not a single document to demonstrate my request to receive spam from any defendant which I have sued. It is not possible to, on the one hand, "promote" or engage in a spam business. And, on the other hand, subvert that very same business by deleting emails, sending thousands of complaints to companies and regulators, sending thousands of reports of abuse to spammers' service providers, and filtering all incoming spam with server-side and client anti-spam applications.

12. The suggestion that I do not filter email arises from what appears to be another mischaracterization of my prior testimony, and is false. The fact that these filters are not effective can be shown by all the spam that is caught in these filters as spammers learn new ways to circumvent or deceive the filters. The defendant, Adknowledge was caught in my filters hundreds of times, but each time it would find a way to deceive the filters the next time. Without the ongoing deception, my filters would likely have been able to stop most spam.

DECLARATION OF JAMES S. GORDON, JR. IN
SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO DISMISS - 4

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

The reason that Virtumundo and Adknowledge are still being discussed is that these companies provide/provided spamming services for at least eight of the other defendants. Adknowledge has begun to use/allow the outright forging of email headers by its affiliates. And Virtumundo continues to rack up 700,000 complaints per month or 8 million complaints a year according to its own internal reports.

13. De-listing or what spammers call unsubscribing, which I have done countless times takes between 30-45 seconds per email. This is due to the fact that one must 1) open the email 2) find the appropriate link    3) double-click the link and wait for the web page to appear (assuming the web page is still active)  4) type in the email address that you wish to have de-listed (if you have multiple email addresses – each must be entered). Some web pages automatically populate one's email address – the exception in my experience. As I receive many thousands of spam per day – devoting 30 seconds per email is an untenable proposition.

14. The so-called spam business that everyone seems to envision but me has yielded some settlement agreements and payments to me (and my customers). But these payments do not in any way compensate for the time (9 years) and aggravation of dealing with miscreants who have nothing better to do but peddle goods and services to an unwilling public. These payments do not compensate for having my entire family and two friends sued by spammers simply because they were on my witness list. These payments do not compensate for the loss of use of my domain to spammers who trespass and steal my identity (via joe jobbing or appropriating my intellectual property). And these payments

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 5

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

do not compensate for the impugning of my reputation by spammers.

15. In addition to the costs outlined elsewhere, I now "owe" a spammer $112,000 plus interest. This outcome exacerbates the situation as spamming is first and foremost cost-shifting from the sender to the receiver. I have now received the ultimate "postage due" from spammers. The court appears to be telling me that I have no recourse to trespass, identity theft, and the financial burdens and impacts due to receiving spam as an IAS.

16. Defendants are attempting to use the ruling in Gordon v. Virtumundo as a "get out of jail free card", which allows them to now break the law in even more ways than before.  That is especially true of Virtumundo and Adknowledge, which have sent hundreds of emails to me since the Virtumundo order by this court. Spammers appear to be coalescing under the Virtumundo umbrella, which they seek to use as their safe harbor from lawsuits.

17. Courts are uniformly unaware that the sending of spam to me by all past and current defendants is "contractually barred". In other words, the backbone network service providers (all) outlaw spam. It is only through subterfuge/deceit that a spammer can ply their trade. And it is only through this network or infrastructure that spam can be sent. This fact is tantamount to the ultimate deception. Legislatures, courts, businesses, and the public have bought spammers "bill of goods", but there is no substance to their claim of legitimacy. One only has to review the acceptable use policies of all major network service providers and the contracts of spammers for internet services to begin to get a sense of the depth of deception, which this industry perpetrate.

18. Our expert witness in Virtumundo, Mr. Resnick, is a member of the Internet Engineering Task Force (IETF), an international community of practice "serving" as guardians/custodians for the Internet. Also with IETF is Steve Atkins who published a

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 6

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

document on the "Size and Cost of the Problem", i.e. spam problem. In this PowerPoint presentation he states that each spam results in a $1-2 loss in productivity. If Omni takes only ten percent of this figure as a baseline, each day would result in a loss of $400-500 due to spam. If one considers only 5%, the numbers would result in a $200-250 daily loss. And at only 1%, the daily loss is $40-50 or $14,600 to $18,250/yr. This loss takes place seven days per week as spam takes no holidays – forcing small Internet Access Services to work 7 days per week at spam abatement. After close to nine years of this "adverse effect", I still see no relief in sight. The one percent figure above or $14-18k/yr. represents a larger portion of Omni's gross income, which is less than $100,000 per year, than the percentages represented in this and other studies of spam costs. As a result, it can be said that the adverse effect on my Internet Access Service is much more significant than with most businesses providing mail and web services to the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 13th          day of August, 2007
/s/ James S. Gordon, Jr._____
James S. Gordon, Jr.

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 7

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

**Certificate of Service**

I, hereby, certify that on August 13, 2007, I filed the subjoined pleading with this Court via approved electronic filing, and served the following:

Attorneys for Defendants: Newman & Newman, Derek Newman, Randall Moeller.

/s/ Robert J. Siegel
Robert J. Siegel

DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 8

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM