|   |   |
|---|---|
| Douglas E. McKinley, Jr.<br>PO Box 202<br>Richland, WA 99352<br>(509) 628-0809<br><br>i.Justice Law, P.C.<br>Robert J. Siegel<br>PO Box 25817<br>Seattle, WA 98165-1317<br>888-839-3299 | HONORABLE JOHN C. COUGHENOUR |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **OMNI INNOVATIONS, LLC, a Washington Limited Liability company; and JAMES S. GORDON, JR., a married individual,**<br><br>              **Plaintiffs,**<br>  v.<br><br>**STAMPS.COM, INC. a Delaware and California corporation; and JOHN DOES, I-X,**<br><br>              **Defendants,** | **NO. C07-386-JCC**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO FED. R. CIV. P. 12(b)(6) - 1

**i.Justice Law, P.C.**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

OMNI v. STAMPS.COM

1  The Defendant's motion to dismiss is founded on two premises, 1) that the Plaintiff's claims are
2  barred by collateral estoppel, and 2) that Plaintiff has not pled facts upon which relief can be
3  granted.  As set forth herein, both of Defendant's arguments fail as a matter of fact and law.
4
5  **Collateral Estoppel**
6
7  Defendant claims that the Plaintiff's claims in this lawsuit are barred by the doctrine of collateral
8  estoppel because they are "identical" to the Plaintiff's claims in Gordon et al. v. Virtumundo et
9  al., Case No. CV06-0204-JCC W.D. Wash. (Coughenour, J.) ("Virtumundo").  However,
10 Defendant's claim on this point fails as a simple factual matter.
11
12 In Virtumundo, the Plaintiff's claims were based on a specific set of commercial emails sent by
13 Virtumundo and its related companies.  In the present case, the Plaintiff's claims are based on an
14 entirely different set of commercial emails that were sent by or on behalf of an entirely different
15 entity, Defendant Stamps.com, Inc.  The only similarity between the two lawsuits is that they
16 both allege violations of the same state and federal statutory provisions.  However, the factual
17 basis of the respective lawsuits, the commercial emails at issue, are entirely distinct.  The emails
18 that form the basis of the present suit have never been considered by any Court, or otherwise
19 litigated at all.  The emails at issue in this case, and the violations they contain, were never
20 remotely considered by the Court in the Virtumundo proceedings.  Accordingly, the Plaintiff's
21
22
23
24 PLAINTIFFS' RESPONSE TO DEFENDANTS'     **i.Justice Law, P.C.**
25 MOTION TO DISMISS FOR FAILURE TO STATE A    PO Box 25817
   CLAIM UPON WHICH RELIEF CAN BE GRANTED    Seattle, WA 98165-1317
   PURSUANT TO FED. R. CIV. P. 12(b)(6) - 2    Phone/Fax: 888-839-3299

   OMNI v. STAMPS.COM

1  claims cannot be barred by the doctrine of collateral estoppel, because the two lawsuits involve
2  entirely separate and distinct sets of operative facts.

4  Contained within Defendant's more general argument about collateral estoppel, the Defendant
5  also asks the Court to dismiss the Plaintiff's claims because the Court determined in Virtumundo
6  that Plaintiff lacked standing to bring claims under the CAN SPAM Act.  The Plaintiff
7  respectfully disagreed with the Court's determination of the Plaintiff's standing under CAN
8  SPAM in Virtumundo, and timely filed a notice of appeal, asking the Ninth Circuit Court of
9  Appeals to consider the Plaintiff's standing to bring actions under CAN SPAM.  Accordingly,
10 the Plaintiff has filed concurrently herewith a motion for a stay, to stay these proceedings until
11 such time as the Ninth Circuit Court of Appeals has ruled on this appeal.  The Plaintiff therefore
12 respectfully requests that the Court withhold ruling on the Plaintiff's standing to bring its claims
13 in this case until the Ninth Circuit Court of Appeals has ruled on the Plaintiff's standing under
14 CAN SPAM.

17 Irrespective of the Court's ruling on Plaintiff's request for a stay, the Court's ruling in
18 Virtumundo should not be given preclusive effect as to Plaintiff's standing, because Plaintiff was
19 not given his full opportunity to litigate standing in Virtumundo.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 3

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

"Collateral estoppel" or "offensive nonmutual issue preclusion" prevents a party from relitigating an issue that the party has litigated and lost. See *Catholic Social Servs., Inc. v. I.N.S.*, 232 F.3d 1139, 1152 (9th Cir. 2000). In the Ninth Circuit, the application of "offensive nonmutual issue preclusion" is appropriate if, inter alia, there was a "full and fair opportunity to litigate the identical issue in the prior action", see *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992); *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999); *Appling v. State Farm Mut. Auto Ins. Co.*, 340 F.3d 769, 775 (9th Cir. 2003). Accordingly, Virtumundo should not be given preclusive effect because in Virtumundo, Plaintiff was never given the opportunity to litigate the issues relevant to standing.

In the Virtumundo ruling, the Court did in fact hold that Plaintiff was an "Internet Access Service" under CAN SPAM which is specifically authorized to bring claims, under the CAN SPAM Act. Applying the statutory definition, the Court stated: "Nevertheless, it is fairly clear that Plaintiffs are, in the most general terms, a "service that enables users to access" Internet content and e-mail, and accordingly, they qualify as an IAS under the statute's capacious definition." (Cause No. CV06-0204JCC, Court's May 15, 2007 Order, Dkt. 121, pg. 13, lines 10-12)  The Court also agreed that Plaintiff had suffered an "adverse impact" as required by the Act. However, the Court nevertheless denied Plaintiff standing.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 4

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

The Court's rationale for denying standing required the Court to reach into the legislative history to make a determination that Congress intended something more than an "adverse impact."  The Court concluded that Plaintiff was required to show "ISP- or IAS-specific damages " that these burdens be "significant", and held that Plaintiff had not done so.  (Cause No. CV06-0204JCC, Court's May 15, 2007 Order, Dkt. 121, pg. 13, lines 12-13).  However, Plaintiff had no way of knowing that he would be required to show that he had suffered "ISP- or IAS-specific burdens" and that these burdens had to be "significant" because such a standard simply doesn't exist in the text of the CAN SPAM Act, and no Court had ever interpreted the CAN SPAM Act as imposing such requirements prior to this Court's ruling.  Accordingly, Plaintiff never had a "full and fair opportunity to litigate the identical issue in the prior action" because the standard adopted by the Court did not exist until after all briefing was completed.  Indeed, Plaintiff has never, until this motion, had the opportunity to submit any evidence or brief the issues raised by the Court's order, because the Court's order dismissed Plaintiff 's case using a standard that was articulated for the very first time in the order itself.

Applying the test articulated by the Court in Virtumundo, it is clear from James S. Gordon's declaration filed herewith that Plaintiff has shown "ISP- or IAS-specific burdens" and that these burdens were "significant."  Among other things, Plaintiff has been forced to upgrade his servers as a result of spam, he has been forced to install additional software, and all of this came at great expense to a small Internet Access Service operated by an individual.  Nonetheless, it is

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 5

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

1 axiomatic that such adverse impacts are typical of those experienced by ISPs of all sizes and

2 types. On the other hand, everyday, consumer email users do not typically have their own

3 servers, and they do not have to spend additional money to upgrade those servers as a result of

4 spam. Thus, Plaintiff's damages are therefore clearly "ISP- or IAS-specific burdens" and the

5 attendant cost of these burdens is "significant" relative to the size of the entity at issue.

6

7 Further, the Court should not give preclusive effect to its holding in Virtumundo, and instead

8 should reconsider and reverse its holding in Virtumundo, because the effect of the holding is

9 completely adverse to any notion of fairness, not to mention the explicit statutory purpose of the

10 CAN SPAM Act. Effectively, the Court's decision bars the courthouse door to the "little guy",

11 those small entrepreneurial IASs, many of whom have been run out of business as a direct result

12 of having to deal with the scourge of spam.

13

14

15 The evidence before the Court in all of the various cases brought by Plaintiff is plain. The

16 Plaintiff owns and operates his own, small ISP. As noted *infra*, in Vitumundo, this Court

17 recognized that the Plaintiff does fit the definition of an "Interactive Service Provider" under the

18 CAN SPAM Act. Like every other ISP in America, Plaintiff has been inundated by unwanted,

19 and often illegal, spam. Before Plaintiff ever brought a single complaint in any Court, Plaintiff

20 repeatedly asked spammers, including this Defendant, to stop sending him unwanted email, in

21 addition to taking other steps to stem the tide of spam (as discussed in the Gordon Declaration).

22

23

24 PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A
25 CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO FED. R. CIV. P. 12(b)(6) - 6

**i.Justice Law, P.C.**
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM

Indeed, before Plaintiff ever brought a single complaint in any Court, he asked everyone he could think of to help him stop the flood of spam. He asked the spammer's upstream internet providers for help, his Congressman, and the Federal Trade Commission, and the Washington State Attorney General's office, all to get the spammers to stop. Nothing worked. Both the politicians and the upstream providers referred him to law enforcement. Stretched thin, neither the FTC nor the AG have been able to effectively marshal the resources to help. Like other similarly situated small ISPs, since Plaintiff was his own ISP, Plaintiff had no other "ISP" to bring suit on his behalf. His only hope to stop the deluge of spam was to bring suit himself. When he finally did, this Court barred him from the courthouse by denying him standing, because, of all things, the Court didn't believe he had suffered enough, i.e., "significant burdens". Thus, the effect of this Court's ruling, if let to stand, would consign Plaintiff to a lifetime of receiving unwanted spam, cuting him off from the remedies provided by both the federal and state legislatures. Plaintiff maintains that the Court's ruling is so diametrically opposed to the plain purposes of CAN SPAM that the Court should revise or reverse its holding *sua sponte*, and allow the Plaintiff his day in Court.

Finally, even if the Court were to rule that Plaintiff lacked standing to bring claims under the CAN SPAM Act, the Plaintiff's state law claims survive, because Plaintiff has standing to bring claims under Washington's Commercial Electronic Mail Act, RCW 19.190 et seq. (CEMA), and its Consumer Protection Act, RCW 19.86 et seq. (CPA) as the recipient of the emails.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 7

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

### The Facts Plead By Plaintiff Are More Than Sufficient To Provide Relief

The Defendant's second premise for dismissal is its assertion that the Plaintiff has not pled its claims with adequate specificity. Specifically, the Defendant claims Plaintiff has not recited that the statutory violations were "material," and that the Plaintiff's failure to include this recitation is should be fatal to the Plaintiff's complaint. The Defendant's motion on this basis is plainly frivolous.

The Plaintiff' has pled that the Defendant's commercial email violated the statutory provisions of the CAN SPAM Act. As Defendant notes, the Plaintiff's complaint specifies the factual basis for each claimed violation. For example, Plaintiff has plead that the "IP address and host name information do not match, or are missing or false." To the extent that the CAN SPAM Act requires that these violations be "material," the Defendant is plainly on notice that the Plaintiff is alleging that the recited violations are, in fact, material. Accordingly, the Plaintiff's complaint easily meets the notice pleading requirements of Fed.R.Civ.P. 8(a).

A complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. (*Conley v. Gibson*, 355 U.S.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 8

OMNI v. STAMPS.COM

**i.Justice Law, P.C.**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

1  41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 34 (9th Cir. 1984)

2  (citing 2A J. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.08 at 2271 (2d ed.

3  1982)).) "A court may dismiss a complaint only if it is clear that no relief could be granted under

4  <u>any set of facts that could be proved</u> consistent with the allegations." (*Hishon v. King &*

5  *Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th

6  Cir. 1994).) Motions to dismiss generally are viewed with disfavor under this liberal standard

7  and are granted rarely. (*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).) For

8  purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must

9  construe the complaint in the light most favorable to the plaintiff. (*Jenkins v. McKeithen*, 395

10 U.S. 411, 421 (1969); *Argabright*, *supra*, 35 F.3d at 474.) "[T]he central issue is whether, in the

11 light most favorable to the plaintiff, the complaint states a valid claim for relief." (*Hughes v.*

12 *Tobacco Institute, Inc.*, 278 F.3d 417, 420-21 (5th Cir.2001).) In fact, the complaint need not

13 necessarily identify a particular legal theory at all. *Williams v. Seniff,* 342 F. 3d 774, 792 (7th Cir.

14 2003); *Barrett v. Tallon,* 30 F. 3d 1296, 1299 (10th Cir. 1994). A claim will not generally be

15 dismissed, even though the asserted legal theories are not cognizable or the relief sought is

16 unavailable, as long as other tenable legal claims are evident on the face of the complaint, or the

17 pleader is otherwise entitled to any type of relief under another possible legal theory. *Conley v.*

18 *Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); *See also Barrett v.*

19 *Talon, supra.* For purposes of a motion under FRCP 12(b)(6), even the mere "possibility" of a

20 cognizable claim is sufficient to defeat dismissal. *Carparts Distrib. Ctr. v. Automotive*

21

22

23

24 PLAINTIFFS' RESPONSE TO DEFENDANTS'       **i.Justice Law, P.C.**
   MOTION TO DISMISS FOR FAILURE TO STATE A  **PO Box 25817**
25 CLAIM UPON WHICH RELIEF CAN BE GRANTED    **Seattle, WA 98165-1317**
   PURSUANT TO FED. R. CIV. P. 12(b)(6) - 9   **Phone/Fax: 888-839-3299**

   OMNI v. STAMPS.COM

*Wholesaler's Ass'n. of Ne England, Inc.,* 37 F. 3d 12, 17 (1st Cir. 1994). Further, in considering a Rule 12(b)(6) motion, the court should be particularly hesitant to dismiss at the pleading stage those claims asserting novel legal theories, where the claims could be better examined following the development of the facts through discovery. *McGary v. City of Portland,* 386 F. 3d 1259, 1270 9th Cir. 2004); *Baker v. Cuomo,* 58 F.3d 814, 118-819 (2d. Cir. 1995).

Defendant asserts that the Plaintiff's alleged violations cannot withstand the Court's ruling in Virtumundo, the Washington Appellate Court's holding in *Benson v. Or. Processing Serv.*, 2007 Wash. App. LEXIS 31 (Wash. Ct. App. 2007) , or the 4th Cirtuit's holding in *Omega World Travel v. Mummagraphics, Inc.* 469 F.3d 348 (4th Cir. 2006). However, the factual assertions raised by Plaintiff in its complaint were not litigated in any of these cases. Plaintiff's Complaint states, in pertinent part:

Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured.

As just one example, neither Benson, Omega, or this Court in Virtumundo remotely considered whether "IP address and host name information that does not match, or is missing or false" constitutes a "material" violation of the CAN SPAM Act. Unless the Court is willing to make the determination, *at the pleading stage of the case,* that falsifying or omitting this information cannot constitute a "material violation" of CAN SPAM and CEMA as a matter of law, with no

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 10

OMNI v. STAMPS.COM

**i.Justice Law, P.C.**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

precedent, testimony, or other authority to guide it in that determination, the Plaintiff's complaint cannot be dismissed under Fed.R.Civ.P. 12(b)(6).  Likewise, lacking any further detail as to the nature of the "misrepresentation" or obfuscation of information identifying the transmission path of the subject emails, the Court is in no position to rule on whether such violations are sufficient to withstand a motion to dismiss.  To do so would be to rule blindly.

## Conclusion

The Court should deny the Defendant's motion to dismiss, and instead should stay these proceedings until the Ninth Circuit Court of Appeals has ruled on the Plaintiff's appeal of the Court's decision in Virtumundo.

DATED this 13th day of August, 2007.

**i.Justice Law, P.C.**


/s/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs


/s/ Douglas E. McKinley
Douglas E. McKinley, WSBA #20809
Attorneys for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) - 11

OMNI v. STAMPS.COM

i.Justice Law, P.C.
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

**Certificate of Service**

1  I, hereby, certify that on August 13, 2007, I filed the subjoined pleading with this Court via
2  approved electronic filing, and served the following:

3  Attorneys for Defendants: Newman & Newman, Derek Newman, Randall Moeller.

4  /s/ Robert J. Siegel_____
   Robert J. Siegel
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  PLAINTIFFS' RESPONSE TO DEFENDANTS'              i.Justice Law, P.C.
    MOTION TO DISMISS FOR FAILURE TO STATE A         PO Box 25817
    CLAIM UPON WHICH RELIEF CAN BE GRANTED           Seattle, WA 98165-1317
25  PURSUANT TO FED. R. CIV. P. 12(b)(6) - 12        Phone/Fax: 888-839-3299

OMNI v. STAMPS.COM