The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OMNI INNOVATIONS, LLC, a Washington limited liability company; JAMES S. GORDON, JR., a married individual,

        Plaintiffs,

v.

STAMPS.COM, INC. a Delaware and California corporation; and JOHN DOES, I-X,

        Defendants.

NO. C07-386 JCC

**STAMPS.COM'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOTE ON MOTION CALENDAR: August 17, 2007

## I. INTRODUCTION

Earlier this month, this Court held in <u>Gordon et al. v. Virtumundo et al.</u>, Case No. CV06-0204-JCC, W.D.Wash. (Coughenour, J.) ("<u>Virtumundo</u>") that Plaintiffs should be deterred from further litigating their numerous other CAN-SPAM lawsuits now that they are aware their lack of CAN-SPAM standing. (<u>Virtumundo</u>, Order (Dkt. # 148) at 10:3-4). Like <u>Virtumundo</u>, this lawsuit is ill-motivated, unreasonable, and frivolous. (<u>Virtumundo</u>, Order (Dkt. # 148) at 9:21-22). As urged by Stamps.com in its Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 11)(the "Motion"), this Court should give its order in <u>Virtumundo</u> (<u>Virtumundo</u>, Order (Dkt. #121)) (the "Order") preclusive effect in this

REPLY TO RESPONSE TO MOT. TO DISMISS - 1
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

action, and dismiss Plaintiffs' claims. Additionally, Plaintiffs' Complaint (Dkt. #1), which alleges only trivial and hyper-technical violations, fails to afford Stamps.com a fair opportunity to understand the allegations made against them, and should be dismissed on that basis.

In their Response to the Motion (Dkt. #15) (the "Response") Plaintiffs contend, remarkably, that (1) this Court "agreed that Plaintiff had suffered an 'adverse impact' as required by the [CAN-SPAM] Act," (Response at 4:18-19); (2) "Plaintiff was never given the opportunity to litigate the issues relevant to standing" (Response at 4:8-9); and (3) this Court should reverse its holding *sua sponte* and "allow Plaintiff his day in Court." (Response at 7:12). Plaintiffs' contentions lack merit. This Court expressly found that Plaintiffs did *not* suffer an adverse impact as required by the CAN-SPAM Act (Order at 13:13-15) ("[t]herefore, because they cannot show 'adverse effect,' which is inherent in the definition of private standing under 15 U.S.C. § 7706(g)(1), it is irrelevant whether Plaintiffs are a true IAS.") This Court's decision was based on a fully-developed factual record, in which Plaintiffs were repeatedly requested to identify any actual damages they had suffered, and repeatedly failed to do so. *See* Order at 13:17-19 ("Plaintiffs undisputedly have suffered no harm related to bandwidth, hardware, Internet connectivity, network integrity, overhead costs, fees, staffing, or equipment costs, and they have alleged absolutely no financial hardship or expense due to e-mails they received from Defendants.") Finally, the basis of the Motion was precisely that Plaintiffs have *already had* their day in Court.

In the context of this 12(b)(6) motion, Plaintiffs' attempt to have another bite at the apple - by submitting supporting declarations of James S. Gordon, Jr. (Declaration of James S. Gordon, Jr. (Dkt. ## 13, 14) ("Gordon Decl.")), purporting to demonstrate ISP or IAS-specific adverse effect - is misguided. Plaintiffs apparently believe that by introducing supposed "facts" relating to adverse effect, they can not only avoid the preclusive effect of Virtumundo in this action, but also change the outcome of Virtumundo itself. Plaintiffs' belief in this regard is without foundation in law or reason.

REPLY TO RESPONSE TO MOT. TO DISMISS - 2
CASE NO. CV7-386 JCC

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 The issues before the Court are those in the Motion - *i.e.*, whether Plaintiffs' claims are
2 precluded by the Order - not whether the Order was correctly decided. To the extent that
3 Plaintiffs believe that this Court erred in holding that they lacked standing to bring their
4 CAN-SPAM claims, Plaintiffs can appeal the Court's ruling (as indeed they have done).
5 Plaintiffs do not - and cannot - cite to any authority that would allow them to either avoid
6 the preclusive effect of Virtumundo or to change the outcome of Virtumundo by
7 advancing new "facts" in this action. Moreover, Plaintiffs' appeal in Virtumundo has no
8 effect regarding issue preclusion. "Under Washington law, it has been long-established
9 that the pendency of an appeal does not affect the preclusive effect of a judgment
10 rendered at the trial level." Martinez v. Universal Underwriters Ins. Co., 819 F. Supp.
11 921, 922 (W.D.Wash. 1992). Thus, the Gordon Decl. should be disregarded, the Motion
12 granted, and Plaintiffs' Complaint, dismissed.

## II. ARGUMENT

**A.    Plaintiffs' CAN-SPAM claims are precluded.**

Plaintiffs claim that the doctrine of collateral estoppel does not bar their CAN-SPAM claims because "Plaintiff never had a 'full and fair' opportunity to litigate the identical issue in the prior action". (Response at 5:5-6). Plaintiffs take this position based on their contention that "the standard adopted by the Court did not exist until after all briefing was completed." (Response at 5:10-11). Plaintiffs thus submit the Gordon Decl., from which Plaintiffs claim "it is clear" that Plaintiffs have shown significant ISP or IAS-specific burdens. This contention is utterly disingenuous, and the Gordon Decl. is nothing more than hearsay, mendacity, and bluster.

Plaintiffs' claim that they had no way of knowing that they would be required to show "ISP or IAS-specific burdens" in Virtumundo simply does not support the conclusion that Plaintiffs did not have a full and fair opportunity to litigate the issue of CAN-SPAM standing. Plaintiffs were repeatedly asked to identify *any* burdens they had suffered as a result of defendants' e-mails, whether such burdens were ISP or IAS-

REPLY TO RESPONSE TO MOT. TO DISMISS - 3
CASE NO. CV7-386 JCC

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 specific or not. "ISP or IAS-specific burdens" are obviously a subset of burdens in
2 general, which Plaintiffs failed to establish. (*See* (<u>Virtumundo</u>, Deposition of James S.
3 Gordon, Jr., attached to the Declaration of Derek A. Newman in Support of Defendants'
4 Motion for Summary Judgment (Dkt # 101) at 319-321) ("Q: you suffered actual
5 damages; is that right? A: No, that's not true"; "Q: My question is whether you suffered
6 actual damages. Did you? A: We've not enumerated any actual damages."; Q: Did you
7 suffer any actual damages? A: I don't have anything to add.").

8   Having failed to establish any ISP or IAS-specific burden, or any burden at all, in
9 <u>Virtumundo</u>, Plaintiffs now seek to establish that "Plaintiff has been forced to upgrade his
10 servers as a result of spam, he has been forced to install additional software, and all of
11 this came at great expense to a small Internet Access Service operated by an individual."
12 (Response at 5:19-21). Even if these allegations were true and supported by the evidence,
13 they would be beside the point; the Motion concerns only the preclusive effect of the
14 Order. Plaintiffs' contention that <u>Virtumundo</u> was wrongly decided is not properly
15 advanced in this action.

16   Moreover, the Gordon Decl. includes no exhibits establishing such expenses, nor
17 in fact are such expenses even mentioned. As in <u>Virtumundo</u>, although Mr. Gordon
18 continues to protest that he has been adversely affected by spam, he offers no evidence
19 whatsoever to support his position. Rather, he claims that a member of the Internet
20 Engineering Task Force has estimated in a PowerPoint presentation that each unsolicited
21 e-mail "results in a $1-2 loss in productivity". He then notes that even if the correct figure
22 is only one percent of that, he has experienced damages in the range of $14,000 to
23 $18,000 per year. Plaintiffs' position suffers from several weaknesses. First, the estimates
24 upon which Mr. Gordon's claim of damages rest are inadmissible hearsay. Second, to say
25 that the $1-2 figure is excessive is a radical understatement. According to a recent *New*

REPLY TO RESPONSE TO MOT. TO DISMISS - 4  
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN,  
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610  
Seattle, Washington 98104  
(206) 274-2800

1  *Yorker* article[1], an estimated one hundred billion unsolicited e-mails are sent each day, or
2  36.5 trillion a year. At $2 per e-mail, the annual lost productivity attributable to
3  unsolicited e-mail would be roughly six times the entire annual gross domestic product of
4  the United States, the largest economy in the world. This is hardly credible. More to the
5  point, whatever the average cost of an unsolicited e-mail may be, the issue is the cost
6  borne *by Mr. Gordon*. He continues to fail to establish that *he* has suffered any actual
7  damages as a result of unsolicited commercial e-mails.

8  Mr. Gordon's declaration contains several statements that he knows are false. For
9  instance, he claims that "there is not a single document to demonstrate my request to
10 receive spam from any defendant which I have sued." (Gordon Decl. (Dkt. #11) ¶ 9). To
11 the contrary, the Virtumundo defendants presented evidence that he Gordon requested to
12 receive e-mail from them. *See* Virtumundo, Declaration of Michael R. Geroe in Support of
13 Defendants' Motion for an Undertaking (Dkt. #39) ¶ 19 ("Exhibit "D" provides the dates
14 and Internet Protocol ("IP") addresses recorded when the users of the domain name
15 <<gordonworks.com>> consented to receive emails from Adknowledge.") Similarly, Mr.
16 Gordon asserts, "I have yet to do any dissertation research...Thus there is no benefit in
17 receiving spam for a dissertation project." (Gordon Decl. (Dkt. #13) ¶ 7). This statement
18 flatly contradicts Mr. Gordon's sworn deposition testimony. ("I'm doing research on the
19 spam that I receive, and there is a benefit in receiving spam because of that.")
20 (Virtumundo, Deposition of James Gordon at 221:2-4, attached to the Declaration of
21 Derek A. Newman in Support of Defendants' Motion for Summary Judgment (Dkt #
22 101)). Mr. Gordon asserts, "I do not have a spam business" (Gordon Decl. (Dkt. #13) ¶ 8),
23 a statement which is contrary to Mr. Gordon's deposition testimony in which he testified
24 he was in the spam business. (Virtumundo, Deposition of James Gordon at 118:2-6,
25 attached to the Declaration of Derek A. Newman in Support of Defendants' Motion for

---

[1] http://www.newyorker.com/reporting/2007/08/06/070806fa_fact_specter (last accessed August 15, 2007).

REPLY TO RESPONSE TO MOT. TO DISMISS - 5
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Summary Judgment (Dkt # 101)).

Mr. Gordon appears to think himself justified in playing fast and loose with his sworn testimony because of his continuing misapprehension that e-mail marketing is illegal. E-mail marketing is not illegal, and those who send unsolicited e-mail are not lawbreakers, criminals, or "miscreants," as Gordon calls them. (Gordon Decl. (Dkt. #13) ¶ 14). In any event, Plaintiffs' CAN-SPAM claims meet the Ninth Circuit's test for offensive nonmutual issue preclusion. Plaintiffs had a full and fair opportunity to litigate the issue of CAN-SPAM standing, and the Court's Order in <u>Virtumundo</u> has a preclusive effect in this lawsuit.[2]

**B.   Plaintiffs' CEMA and CPA claims are both precluded and preempted.**

Plaintiffs claim that their CEMA and CPA claims are not precluded because "the emails that form the basis of the present suit have never been considered by any Court, or otherwise litigated at all." Plaintiff's argument is unpersuasive; the e-mails themselves do not need to be litigated, because this Court has enough information to determine that the Plaintiffs' CEMA and CPA claims are subject to the same preemption analysis as the e-mails at issue in <u>Virtumundo</u>. More specifically, this Court has already ruled that claims arising under CEMA and CPA for allegedly misleading headers are preempted unless the errors prevent the recipient of the e-mail from identifying the sender. (<u>Virtumundo</u>, Order (Dkt. #121) at 20:4-6). That holding has preclusive effect in this action. It is apparent from the face of the Complaint that Plaintiff's claims in this action similarly concern immaterial, hyper-technical "errors" that do not rise to the level of deception or fraud required to escape preemption. Although plaintiffs allege that Defendant's emails include "header information that is materially false or materially misleading," the examples they provide - "IP address and host name information do not match, or are missing or false, in

---

[2] As noted in the Motion, Plaintiffs' appeal has no effect regarding issue preclusion. Judicial economy supports dismissing this action, rather than merely staying it.

REPLY TO RESPONSE TO MOT. TO DISMISS - 6
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 the 'from' and 'by' tokens in the Received header field; and dates and times of
2 transmission are deleted or obscured" - would not prevent ready identification of the
3 sender and are not material. (Complaint (Dkt. #1) ¶ 13.) As such, they are preempted by
4 CAN-SPAM. Likewise, Plaintiffs' CPA claims fail because their CEMA claims are both
5 precluded and preempted.

**C.   The Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs did not allege material violations.**

Plaintiffs have filed essentially identical boilerplate complaints in action after action. Like other defendants sued by Plaintiffs, Stamps.com can learn from the Complaint that it is being sued for alleged violations of CAN-SPAM, CEMA, and the CPA. The Complaint offers no clue, however, as to which specific provisions of those statutes are alleged to have been violated, or by which e-mails. Plaintiffs' Complaint merely parrots the elements of the statutes purportedly at issue. This is precisely the kind of pleading that the Supreme Court recently disapproved in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007) ("a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). Here, Plaintiff has failed to allege any facts which would amount to a material violation of CAN-SPAM or CEMA. As such, the Complaint does not meet the pleading standard established by Rule 8, and the Court should dismiss this case.

## III. CONCLUSION

<u>Virtumundo</u> concerned the same claims as those at issue in this case, brought by the same Plaintiffs. Plaintiffs lost <u>Virtumundo</u>, as they must lose the instant action. First, <u>Virtumundo</u> has preclusive effect. As it did in <u>Virtumundo</u>, this Court should find that Plaintiffs lack standing to sue under CAN-SPAM, that Plaintiffs' CEMA claims are preempted by CAN-SPAM, and that Plaintiffs' CPA claims cannot survive the dismissal of Plaintiffs' CEMA claims. Additionally, Plaintiffs do not allege material violations

REPLY TO RESPONSE TO MOT. TO DISMISS - 7
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  the statutes and thus fail to properly state a claim. Accordingly, Stamps.com respectfully
2  requests the Court dismiss this action and all claims alleged herein.

4  DATED this 17th day of August, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, No. 26967
*derek@newmanlaw.com*
Randall Moeller, No. 21094
*randy@newmanlaw.com*

Attorneys for Stamps.com Inc.

REPLY TO RESPONSE TO MOT. TO DISMISS - 8
CASE NO. CV7-386 JCC

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800